13787

## TOWN OF BROOKLAND v. BROAD RIVER POWER CO.

(173 S. E., 71)

Before RAMAGE, J., Lexington, June, 1930.

116

118

120

*Messrs. Elliott, McLain, Wardlaw & Elliott* and *Timmer-man & Graham,* for appellant,

*Messrs. J. Wesley Crum* and *B. W. Crouch,* for respondent,

February 20, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

This action was brought some time prior to July 31, 1931, as on that date the Circuit Judge heard the case upon testimony taken before the Clerk of Court; it being referred to him for the purpose of taking the testimony only. The decree was dated January 22, 1932.

The complaint alleges that on the 4th day of September, 1908, the intendent and the Clerk of the Town of Brookland undertook to grant to the Columbia Electric Street Railway, Light & Power Company the right to the use of the streets of the town for the purpose of furnishing electric current in perpetuity. It further alleges that the instrument is invalid for the reason that the intendent and clerk had no authority to grant same and also for the reason that it was a grant in perpetuity. It therefore demanded judgment that the instrument be declared void; that it be set aside as a cloud upon the franchise rights of the plaintiff; that the defendant be required to close out its business in the town, removing all of its poles, wires, and other equipment therefrom, under the direction of the Court; and that the town and its inhabitants be protected in their legal rights during the process of closing out.

The answer of the defendant denied the material allegations of the complaint; alleged the use of the streets for more than twenty years at the instance and request of the plaintiff and the residents of the town, that the public has vested rights in the continued service, that the town is estopped to assert the invalidity of the franchise; denies all

claim of damage or irreparable injury; and prays a dismissal of the complaint.

Upon these pleadings much testimony was taken, the gist of it, for the plaintiff, being that the defendant is operating in the town without a franchise; that such a franchise is valuable; that there is no town record of a franchise ever having been granted; and that there are no available records of the town prior to 1920. The testimony of the defendant consisted of facts derived from the witnesses on cross examination, together with legislative records of the charters of various companies, including that of the defendant herein. Because the records of the town could not be found, the attorney for the plaintiff served notice upon the defendant to produce the franchise under which the defendant was operating, and the defendant thereupon produced a copy of same, as follows:

"Be it Ordained by the Intendent and Wardens of the Town of Brookland, constituting the Town Council of said Town, That in consideration of the installation and equipment necessary to furnish the citizens of Brookland with incandescent electric light and motor service by the Company, hereinafter named, that the Columbia Electric Street Railway, Light and Power Company, their successors and assigns, be granted a franchise in perpetuity to erect poles in the streets of said Town, run their wires therein, and do all things necessary to furnish the said citizens with the incandescent electric light and motor service, and to charge therefor such rates as the Company may establish.

"The use of the streets of said Town must be in a proper manner and subject to regulation by the Council.

"Ratified in Council assembled, this 4th day of September, 1908."

The Circuit Judge rendered his decree in which he granted the relief demanded in the complaint; held that the ordinance of 1908 was invalid, being a violation of Section 4424, Civil Code of 1922, now Section 7269 of the Code of

1932; ordered the cause referred to a special master to determine "what is a reasonable time for Defendant to remove its wires and property from the streets of the plaintiff town"; and then provided that the plaintiff might bring another action in thirty days after the effective date of his order for such relief as may be demanded and that the bringing of such other action should *ipso facto* be an abandonment of any further proceedings in this action.

From this order the defendant has appealed upon nine exceptions, all of which we have considered with interest. Some of the exceptions might be sustained and yet no material benefit would inure to the defendant, as they are not of such materiality as would affect the result of the decree.

The important ruling is that the Circuit Judge held the defendant to be without authority to operate in the Town of Brookland, required the defendant to remove its equipment from the streets, and declared the action of the town council invalid under Section 7269 of the Code of 1932.

A very unusual situation, to say the least, is presented by the town in this case. It makes no point of unsatisfactory service by the defendant, nor does it complain of the rates charged. Its witnesses swear to the benefits received by the town from the service of the defendant and of the inconvenience and hardship which would follow if the prayer of the complaint be granted. The town is demanding something, by suit, which it really does not desire, to wit, the abandonment of service by the defendant. Some testimony was directed to the value of a franchise and to the effect that the defendant had paid considerable sums of money for a franchise to do business in other towns. It is not an inference of this Court, but a fact admitted by the attorneys, that the town hopes, by this suit, to force the defendant to pay a substantial sum for a franchise. Such a position does not, in the least, appeal to the conscience of this Court. Nor can we refrain from allowing our imagination to run and to consider the dire consequences which might follow a

voluntary effort on the part of the defendant to do what the plaintiff is nominally trying to force it to do.

But resuming the discussion of this case, after a possibly useless digression, we now consider the attitude of the town in regard to the instrument of 1908. The records of the town, being lost or destroyed, at least not available, prior to 1920, the allegation is made that the intendent and town clerk undertook to grant the right to the Columbia Electric Street Railway, Light & Power Company to establish lines, poles, etc., for the purpose of furnishing electric current in the town. It would appear that the town was under the impression that no corporate action was taken and that it relied upon the recollection of a witness who had seen a copy of the ordinance and who tried to reproduce it from memory. When the defendant, complying with notice, offered a copy of the original ordinance, the plaintiff accepted the copy as correct, but is now endeavoring to invalidate its own ordinance, an ordinance under which the parties hereto have worked in harmony since 1908.

It is always presumed that legislative acts are regular and that all necessary steps have been taken until the contrary is shown, and there is no effort made on the part of the plaintiff to show that the ordinance of 1908 was in any respect irregularly passed. An inspection of the copy, heretofore set out in this case, fails to disclose any irregularity as to its passage, and, as before stated, with no proof to the contrary, we must accept it as a valid exercise of authority by the town.

The town objects to the ordinance upon the further ground that the council had no right, authority, or power to grant a perpetual franchise. We are saved the necessity of passing upon this objection to the ordinance by the concession of the attorney for the power company, made in his brief and also in open Court, that no claim is made that the ordinance granted a perpetual franchise. The franchise is a legal one, but, by reason of the conceded interpretation

passed upon it, we hold the same to be one of limited duration only.

The decree of the Circuit Judge discusses various points made by the defendant, overrules them, and then rests his order upon the sole ground that the ordinance is in violation of present Section 7269 of the Code. It would therefore appear that a decision on this issue will be determinative of this appeal; no request having been made to sustain the decree upon additional grounds.

A most casual reading of Section 7269 discloses the fact that it applies solely to exclusive franchises and has no reference to the ordinary franchise which a city or town may grant under its general powers of government. There is no effort made to show that the town did not have authority to enact an ordinance granting a franchise under its governmental functions and its broad police power. The Circuit Judge was evidently of the opinion that the defendant claimed an exclusive franchise and held that the section of the Code, above referred to, had been violated. His holding would have been correct if the defendant claimed an exclusive franchise, but such is not the case. We can therefore see no reason why the ordinance, regular upon its face, is violative of that section of the Code. The Circuit Judge was in error in so holding.

There is no contention over the fact that the present defendant is the successor, in title, of the Columbia Electric Street Railway, Light & Power Company and that it is entitled to all the privileges granted that company by the ordinance above quoted.

We have examined carefully the record in this case, together with the authorities cited in the Circuit decree, and find nothing therein to controvert the decision herein.

It is the judgment of this Court that the decree of the Circuit Judge be, and the same is hereby, reversed, and that the complaint herein be dismissed.

Messrs. Justices Stabler and Bonham concur.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE CARTER concur in result.

MR. JUSTICE CARTER (concurring) : In concurring in the result of the opinion in this case, I wish to state that, under my view, the franchise in question, which is held to be not exclusive and not perpetual, may be revoked in the same manner it was granted.